## Appeal of the Germania Savings Bank.

| 95  | 329 |
| 199 | 625 |

1. A married woman's power to contract for improvements as well as repairs to her real estate is inseparably incident to her right to take and hold real estate for her own separate use.

2. A mechanic's lien filed against a married woman's separate estate for work done and materials furnished in and about a dwelling erected for her is valid.

3. When the omission to set forth in the claim that the work was *necessary* for the improvement of her separate estate is fatal to the claim.

October 6th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Appeal from the Court of Common Pleas, No. 2, of *Allegheny county*: Of October and November Term 1879, No. 103.

Appeal of the Germania Savings Bank of Pittsburgh from the decree of the court distributing the proceeds of the sale of certain real estate of Mrs. Kate Hale, wife of John M. Hale. The property was sold for $3100, under a mortgage, which was the first lien thereon. The sheriff made a special return distributing the fund, when exceptions were filed to said return by various mechanic's lien-creditors, and an auditor, Thomas Herriott, Esq., was appointed to pass upon the claims and report a distribution. The auditor, inter alia, reported:

" The claimants of the fund are: First. The Germania Savings Bank, the owner of a purchase-money mortgage, on which judgment was obtained, execution issued, and the property sold. The proceeds of this sale are now to be distributed. It is admitted by all the parties that this mortgage is first to be paid in full.

" The same bank owns another mortgage, dated August 17th 1878, and properly recorded on August 22d 1878. It claims that this second mortgage, on the same property, should be paid next after the purchase-money mortgage above mentioned.

" Various mechanic's lien-creditors claim that they are entitled to be paid before the second mortgage held by the bank, and the contest is between the mortgage and the mechanic's liens. The mechanic's liens were all filed in the prothonotary's office some time after the second mortgage was recorded, but are filed for work done and materials furnished to the house of the defendants some months before the mortgage was recorded. The evidence shows clearly that the house, for the erection of which the mechanic's liens were filed, was commenced in the fall of 1875, nearly a year before the second mortgage was recorded; it was completed a short time before the second mortgage was given."

At the time of the sale there was due on this second mortgage $1933.64. The sheriff awarded payment of this mortgage in full, but the auditor and court being of opinion that the mechanic's liens hereinafter mentioned were entitled to priority, reduced the amount to that extent.

[Appeal of the Germania Savings Bank.]

The mechanic's claim of Alfred Harrison recited that "the said Kate Hale, who is a married woman and the wife of John M. Hale, is the owner of said dwelling-house and .premises and the lots of ground on which the same is erected, * * * and that the said A. J. Fair was the architect, contractor and builder of said building, and built or caused the same to be built and constructed under and in pursuance of a contract with the said Kate Hale, and by her authority and direction. The said stone work and labor, and materials for the same, was so done and furnished at the instance and request of the said A. J. Fair, said contractor, who made said contract for the same, and ordered and caused the same to be so done and furnished as aforesaid, by and with the authority and consent of the said Kate Hale, with the knowledge and consent also of her husband, said John M. Hale. The said dwelling-house was so erected by said contractor for the said Kate Hale, for the use and occupancy of herself and family, and was a necessary improvement of the lots of ground aforesaid and the real estate so owned by her." * * *

The claim of Samuel Brown set forth : "All of which carpenter work, lumber, flooring boards, mouldings, doors and work and materials were so done and furnished upon the order of said contractor, with the consent and upon the authority and request of said Kate Hale, and also of her husband, J. M. Hale, and were necessary and convenient to the preservation and enjoyment of the said estate of the said Kate Hale."

The claim of McAdams did not aver that the work done and materials furnished were necessary, but simply set forth that they were "furnished and done with the said Kate Hale's (the wife of said J. M. Hale) authority and consent, and this lien is filed to bind the said Kate Hale's separate estate in said premises above described," &c., &c.

A number of objections to these mechanic's liens were considered both by the auditor and the court below, and were brought before this court for review, but are not noted in this report, as they were not passed upon by this court.

From the decree of the court reducing the amount allowed on the judgment and awarding it to the mechanic's lien claimants, this appeal was taken.

*George W. Guthrie*, for appellant.—This court has never decided that a married woman has the power to subject her separate real estate to liens for the cost of new erections thereon. Repairs necessary for the preservation of buildings already erected have been sustained, as being within the spirit of the Act of 1848 (though not authorized by its letter) because such power is almost essential in order to enable her to save her property from destruction.

[Appeal of the Germania Savings Bank.]

The Act of 1848 gave a married woman power to bind her estate for necessaries purchased by her for the support of herself or her family. The criterion fixed by the act, however, is necessarily for the support of herself and family, not speculative advantages to her real estate. A clearer case of the evils of such a construction of the law cannot be produced. A contract for the erection of a house to cost $5250, the building erected and the price almost paid in full (the testimony shows that the contractor had been paid all but about $900), yet liens are filed for over $3000, being more than the property realized at the sale. It is true some of these liens were held to be invalid, because informal, but that was an accident not to be expected in every case. If, however, such liens are to be sustained, some evidence of the necessity, or at least occasion of the work, should be shown beyond the mere statement of it in the claim filed. In the claim filed by Harrison it is alleged that the building was erected by Kate Hale " for the use and occupany of herself and family, and was a necessary improvement of the lot of ground;" and in the claim filed by Brown, that the work done was "necessary and convenient to the preservation and enjoyment of the said estate;" but in the claim filed by McAdams there is no allegation of any necessity whatever.

*J. S. Strickler*, *W. A. Boothe* and *Barton & Sons*, for appellees.—The appellant raises a question in this court not raised by him before the auditor, or in the court below, to wit, as to the power of a married woman to improve her vacant real estate by the erection of a dwelling upon it for the use of herself and family. But if we are bound to meet this question here, then we refer to the two cases Forrester *v.* Preston, and Hutchison *v.* Preston, reported in 2 Pittsburgh Reports, pp. 299 to 304, decided by Judge Williams, while on the bench of the District Court of this county in 1861, and approved by this court, as appears by the record, at Nos. 101 and 102, October and November term 1861. In these cases it is held that the power to encumber her property by a married woman is not given by or dependent upon the Married Woman's Act of 1848, but by virtue of the law creating mechanic's liens.

Mr. Justice GORDON delivered the opinion of the court, November 8th 1880.

This is an appeal from the decree of the Court of Common Pleas, No. 2, distributing the proceeds raised from the sale of certain real estate, the property of Mrs. Kate Hale, on levari facias, No. 290, July Term 1878.

We think the exceptions of the appellant were properly disposed of in the court below, and deem it unnecessary to review in detail the various questions which were therein carefully considered and

settled.   The learned counsel for the appellant has, however, raised a question which, if determined as he desires, will prove destructive to the several mechanic's liens, to which the money in controversy, or a large part of it, was appropriated.

He contends that this court has never, as yet, decided that a married woman has power to charge her separate estate for the cost of new erections or improvements, and he refers to the doubt expressed in the case of Moore *v*. Cornell, 18 P. F. Smith 320, as to the power of a married woman to contract for the improvement or repair of her property.   He, however, admits that this doubt has been partially, if not wholly, resolved in Lippincott *v*. Leeds, 27 P. F. Smith 420, wherein it was ruled that a married woman is liable for repairs to her separate estate, made at her request, and necessary for its preservation and enjoyment.   This power arises not from the direct grant of it by the statute, but from implication. The statute confers upon her the right to control and enjoy her own property, but in order to this she must have the power to protect it from dilapidation and decay, but to improve is often as great a necessity as to repair.   For the enjoyment of wild lands, clearing, fencing and buildings are necessary ; for the use and enjoyment of a city lot a dwelling is necessary ; so where a building falls or burns down, it must be rebuilt, and to say that a married woman shall not have the power to contract for such *necessary* improvements, is to say that she shall not have the ordinary means of controlling and enjoying her separate estate, and thus, is the very spirit and intention of the Act of 1848 destroyed.   It, therefore, certainly follows that her power to contract for improvements as well as for repairs is inseparably incident to her right to take and hold real estate for her own separate use.   But in support of this point we have an abundance of authority.   The very question now before us was decided in the cases of Forrester *v*. Preston, and Hutchinson *v*. Preston, 2 Pitts. R. 298, 304.   These cases were tried in the District Court of Allegheny county in 1861, and affirmed by this court without dissent in 1862.   In these cases the only question raised and determined was the validity of mechanics' liens filed against a married woman's separate estate for work done and materials furnished in and about a dwelling erected for her. In Murray *v*. Keys, 11 Casey 384, Mr. Justice WOODWARD says, that the power of a married woman to contract debts to improve her separate estate, remove liens, &c., is conferred by the sixth section of the Act of 1848.   In Lippincott *v*. Hopkins, 7 P. F. Smith 328, a judgment founded upon a *narr.* charging that a married woman "then and there having and enjoying her own separate estate, hired and employed plaintiff to furnish work, labor and materials on and for the same, being necessary for said estate," was sustained.   In Kuhns *v*. Turney, 6 Norris 497, it was held that a feme covert's power to contract for the improvement and repair of

her separate property arises *ex necessitate;* that it is impossible to see how, under a strict application of the common-law rule, a married woman could properly enjoy her estate, and hence, it is necessary, in order to give the Act of 1848 its intended force, to allow her to contract for necessary improvements and repairs. In like manner it is conceded by Mr. Justice MERCUR, in Shannon *v.* Shultz, 6 Norris 481, that such power does exist in the feme covert, though it arises rather by implication than from the express terms of the act. As sustaining the same opinion, we may cite Findley's Appeal, 17 P. F. Smith 456; Heugh *v.* Jones, 8 Casey 432; Dearie *v.* Martin, 28 P. F. Smith 56, and Schriffer *v.* Saum, 31 Id. 385.

It is thus apparent that the decision of the court below on the point in hand is fortified by a mass of authority sufficient to render it impregnable.

As to the exception to the McAdams claim, that it does not set forth that the work was *necessary* for the improvement of her separate estate, we have but to say, that had exception been taken by Mrs. Hale at the proper time, the want of this word "*necessary*" would have been fatal to the claim; not so, however, when the objection comes from a third person, and after judgment on a scire facias.

Decree affirmed and appeal dismissed at costs of appellant.